No. 14312

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

ALBERT KENNETH FISHER,

Petitioner,

-vs-

ROGER CRIST,

Respondent.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

Gregory J. Skakles, Anaconda, Montana
Albert Kenneth Fisher, Pro Se, Deer Lodge, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Nick Rotering, Helena, Montana
Ted Mizner, County Attorney, Deer Lodge, Montana

_____

Submitted: April 30, 1979

Decided: MAY 22 1979

Filed: MAY 22 1979

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Petitioner, Albert Kenneth Fisher, filed a petition for writ of habeas corpus in this Court on May 17, 1978. We appointed counsel to represent him and subsequently stayed the proceedings in this Court pending an evidentiary hearing in the District Court of the Third Judicial District, Powell County. The hearing was held on December 7, 1978, before the Honorable Robert J. Boyd, and resulted in an order dated January 19, 1979, granting respondent's motion to quash and dismiss the petition. The order constituted the District Court's findings of fact and conclusions of law.

Petitioner filed an amended petition for writ of habeas corpus in this Court on April 6, 1979. A response to the amended petition was filed April 30, 1979, by a Special Assistant Attorney General for the Department of Institutions. Because the original petition was filed some time ago, petitioner was excused from compliance with this Court's recently adopted requirements with respect to habeas corpus relief.

On July 9, 1974, petitioner was sentenced to serve ten years in the Montana State Prison after pleading guilty in the District Court, Granite County, to the offense of burglary. On May 13, 1976, petitioner was paroled to Seattle, Washington, pursuant to the provisions of the Uniform Act for Out-of-State Parolee Supervision, sections 95-3201 through 95-3202.4, R.C.M. 1947, now sections 46-23-1101 through 46-23-1106 MCA.

In September 1976 petitioner was arrested in Spokane, Washington, and charged with a felony. Petitioner pleaded guilty to "misdemeanor theft three" at the suggestion of a

Washington parole officer who agreed to recommend to the Montana authorities that he be continued on parole in return for his plea. The recommendation was apparently approved by the Montana authorities. Petitioner was released from the Spokane jail on January 3, 1977. About six weeks after his release he began the journey back to Seattle but was re-arrested along the way in Ellensburg, Washington, this time for hitchhiking. He was released in about a week and pro-ceeded to Seattle.

On April 19, 1977, petitioner's Spokane parole officer issued a report of violation which precipitated petitioner's eventual return to Montana. The report specified two vio-lations:

> "Violation No. 1: Fisher violated his parole by failing to report as instructed to the Spo-kane District Office in Spokane, Washington on 4-12-77.

> "Violation No. 2: Fisher violated Special Condition 1 of his parole rules by failing to cooperate fully with the Seattle Indian Alcoholism Program in Seattle, Washington during February and March of 1977."

The report was written by the same Spokane parole officer who had recommended Fisher's continuance on parole the previous September in return for his guilty plea. He had apparently permitted petitioner to return to Seattle on the condition that he report to him by mail and participate in the alcohol program.

Following this report, a warrant was issued by the Montana authorities, and on May 5, 1977, petitioner was arrested in Seattle. Petitioner was not given a preliminary on-site or probable cause hearing in Washington or else-where. Petitioner was returned to the Montana State Prison on June 16, 1977, following a brief extradition proceeding

in Washington in which he was represented by counsel. On June 30, 1977, the Board of Pardons conducted a parole revocation hearing and issued a decision revoking petitioner's parole. No record was kept of the hearing except for a minute entry noting the revocation.

After his revocation hearing, petitioner was provided with the following four reasons for his parole revocation:

> "Your parole was revoked because you failed to report; did not cooperate with the Seattle Indian Alcohol Program to the extent that they terminated you from the program (completion of the program was a special condition of the Board); failed to appear in court on warrant issued for misdemeanor charge; and were convicted of misdemeanor robbery and were given 6 months in the county jail. You were passed to discharge."

Petitioner presents a number of issues in his petition, but we find one to be dispositive of this case: whether the failure to provide petitioner with a preliminary, on-site hearing violated petitioner's Fourteenth Amendment right to due process. We find that it did.

Petitioner argues that he was entitled to a preliminary on-site hearing in Washington and that absent such a hearing the revocation procedure followed in this case failed to satisfy the dictates of Morrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, as well as the applicable statutes. The State presents two arguments in the face of this. First, the State argues that a parolee may waive the preliminary on-site hearing and that the District Court found such a waiver. Second, the State argues that absent a waiver, petitioner's parole was properly revoked because conviction of a new offense obviated the necessity of a preliminary on-site hearing.

-4-

Addressing the waiver argument first, we note that section 95-3202.1, R.C.M. 1947, now section 46-23-1103 MCA, provides in pertinent part:

> "Where supervision of a parolee . . . is being administered pursuant to the interstate compact for the supervision of parolees . . . the appropriate judicial or administrative authorities in this state shall notify the compact administrator of the sending state whenever, in their view, consideration should be given to retaking or re-incarceration for a parole . . . violation. Prior to the giving of any such notification, <u>a hearing shall be held in accordance with this act within a reasonable time, unless such hearing is waived by the parolee</u> . . ." (Emphasis added.)

In the instant case the District Court made the following finding regarding waiver:

> "According to the testimony of the Defendant he was afforded counsel in the State of Washington following his arrest and challenged his extradition. It is difficult to determine whether the Petitioner or his counsel at that time made any request or demand for an on-site hearing and it appears that the objections were to the extradition rather than a preliminary revocation of parole hearing. <u>The Court therefore finds and concludes that the Petitioner waived his right to an on-site hearing.</u>" (Emphasis added.)

After reviewing the transcript of the proceedings in the lower court, we find no evidence to support this conclusion. The failure to demand an on-site hearing cannot be construed to be a waiver of that right nor can such a waiver be presumed to result under these facts. Absent an express waiver appearing in the record, we are left with the State's assertion that petitioner's Spokane conviction was sufficient to satisfy the preliminary hearing requirement. This is not so.

In <u>Morrissey</u> the Supreme Court stated the following with respect to the requirement of a preliminary hearing:

> ". . . the parolee should be given notice that the hearing will take place and that its purpose is to determine whether there is probable

cause to believe he has committed a parole violation. The notice should state what parole violations have been alleged. At the hearing the parolee may appear and speak in his own behalf; he may bring letters, documents, or individuals who can give relevant information to the hearing officer. On request of the parolee, a person who has given adverse information on which parole revocation is to be based is to be made available for questioning in his presence. However, if the hearing officer determines that an informant would be subjected to risk of harm if his identity were disclosed, he need not be subjected to confrontation and cross-examination." Morrissey, 408 U.S. at 486-87, 92 S.Ct. at 2603, 33 L.Ed.2d at 497-98.

Petitioner was never notified that the State intended to rely on his Spokane conviction to revoke his parole. He was told that he was charged with two violations, both of which he contested and should have been the subject of a probable cause hearing in Seattle where he could have had the opportunity to present witnesses and, perhaps, refute the allegations. With respect to the Spokane conviction, petitioner had already been excused from the revocation sanction for that offense on the condition that he plead guilty and serve a short sentence. For these reasons, petitioner's parole revocation did not satisfy the requirements of Morrissey or the applicable statutes, and his parole must be reinstated.

The Board of Pardons is given thirty days from the date of this decision to help petitioner develop and to approve a new parole plan for petitioner. If a plan has not been approved within thirty days, petitioner nevertheless shall be released from prison as a parolee subject to the supervision of the appropriate authorities.

_____
Justice

-6-

We concur:

_Frank L. Haswell_
Chief Justice

_Gene B. Daly_

_Daniel J. Shea_

_John C. Sheehy_
Justices